Félix Dominici Giuliani, Appellant, *v*. Registrar of Property of Mayagüez, Respondent.

No. 1097. Submitted January 13, 1942.—Decided January 23, 1942.

*Enrique Báez García* for appellant. The registrar appeared by brief.

Mr. Justice Travieso delivered the opinion of the court.

The appellant, Mr. Dominici, and his wife borrowed from Mr. Rosendo Quiñones the sum of $6,500, and bound themselves to repay $500 thereof in August 1940, and the remaining $6,000 in August 1944. To secure the indebtedness they constituted a mortgage on a rural property owned by them, and as evidence of the two obligations they issued two mortgage notes, one for $500 and another for $6,000, both payable to the order of the creditor Quiñones.

On June 9, 1941, the appellant debtor appeared before a notary and executed a deed of partial cancellation of the mortgage in which he set forth that on that same date he had delivered to his creditor the sum of $500 in payment of the promissory note for that amount, and that his creditor, Mr. Quiñones, had delivered to him the promissory note for $500 marked No. 1. The *fifth* paragraph of said deed reads as follows:

"*Fifth.*—Don Félix Dominici Giuliani desires to cancel said promissory note and accordingly he delivers to me, the notary, the said promissory note, which I, the attesting notary, after duly identifying the same, proceed to cancel, by perforating it and stamping on the face of said promissory note the word 'Canceled,' in large letters, the said instrument thereby becoming invalidated and without any legal force, and the said Mr. Dominici consents to the partial cancellation of the mortgage as to the promissory note marked No. 1."

Upon said deed being presented for record in the registry, the registrar refused to record the same and stated his reasons therefor in the decision appealed from, which reads thus:

"Record is Denied of the partial cancellation of the mortgages covered by the foregoing instrument because it is noted that, as it appears of record, the mortgage whose cancellation is sought secures two promissory notes marked Nos. 1 and 2, both transferable by indorsement and it has not been shown that promissory note No. 1, respecting which said mortgage is sought to be partially canceled, has been lawfully indorsed or transferred in favor of the petitioner Félix Dominici Guiliani; and in lieu thereof, a cautionary notice has been entered for the statutory period, at page 7, volume 283 of Mayagüez, property No. 1989, inscription B."

Counsel for the appellant maintains that there is no legal provision or precedent whatever to support the contention of the registrar; to which the latter answers that his refusal finds support in the decision of this Supreme Court in *Hau* v. *Registrar*, 58 P.R.R. 804, the doctrine of which in his judgment is fully applicable to the facts of the instant case.

In the cited case Mrs. Ducord had constituted a mortgage to secure five promissory notes payable to the order of Arturo Hau. Subsequently, Robert H. Hau Schnabel, one of the five heirs of Arturo Hau, purchased the mortgaged property from its owner Mrs. Ducord. After thus acquiring the property, Robert H. Hau Schnabel executed a deed in which he set forth that he was the owner of the immovable and holder of the five mortgage notes; that, as the rights of debtor and creditor had been merged in him, it was proper to cancel the encumbrance, for which purpose he gave his consent thereto and also to the invalidation by the notary of the five promissory notes; and the notary certified that he had invalidated the documents. Upon that deed being presented for record, the registrar refused to effect the cancellation of the mortgage, on the ground that, as the mortgage obligation was evidenced by five promissory notes payable to the order of Arturo Hau, and as it appeared from a deed which he had before him that the mortgage credit was owned in indivision (*pro indiviso*) by the five heirs of Hau, among whom was Robert H. Hau Schnabel in order to effect the cancellation it was necessary to submit proof that the notes had been indorsed or transferred to Hau Schnabel and the latter had become a lawful possessor or holder of the same. The decision denying the record was affirmed. The refusal to record must also be affirmed in the case at bar, for we fail to see that there is any substantial difference between the facts of the one case and those of the other.

If the promissory note in question were an instrument payable to bearer, in order to cancel the mortgage security it would be sufficient to produce a notarial certificate showing

that the instrument had been presented by the debtor to the notary and that the latter had marked the same as canceled (*inutilizado*) at the time of the execution of the deed of cancellation. In such case, the debtor might request the cancellation on the ground of the merger of the rights of debtor and creditor, and neither the notary nor the registrar would be justified in requiring the debtor to prove the manner in which he had acquired the instrument. The latter being an instrument payable to bearer and transferable by mere delivery, the legal presumption would be that the debtor held it because he had paid it.

██ The promissory note involved herein is one payable to the order of the mortgage creditor Rosendo Quiñones, and transferable only by indorsement. For the cancellation of the mortgage which secures the same, it is necessary that the lawful holder of the promissory note should indorse it and deliver it to the debtor, who may then present it to the notary to be invalidated (*inutilizado*). And as by virtue of such indorsement the debtor has become the owner of his own obligation, he can consent to a request for the cancellation of the mortgage record by reason of a merger of rights.

In the present case, no proof that Rosendo Quiñones had received the amount of the promissory note was presented to either the notary or the registrar. It does not even appear from the deed submitted to the registrar that the delivery of the money was made in the presence of the notary.

Were we to hold that the indorsement by Rosendo Quiñones was unnecessary and that it was sufficient that the debtor be in possession of the instrument in order to compel the registrar to make the cancellation, this would be equivalent to abolishing by judicial declaration the legal differences existing between the instruments payable to bearer and those transferable by indorsement.

The decision appealed from must be affirmed.